KATHLEEN O. PETERSON (State Bar #124791)
*kpeterson@catespeterson.com*
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Tel.: (949) 724-1180
Fax: (949) 724-1190

Attorneys for Plaintiff TEKSYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEKSYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OCTEKSYSTEMS, INC.,<br><br>　　　　Defendant. | CASE NO. 8:20-CV-00354<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br><br>**(2) UNFAIR COMPETITION;** and<br><br>**(3) FALSE DESIGNATION OF ORIGIN.** |

COMPLAINT BY TEKSYSTEMS, INC.

Plaintiff TEKsystems, Inc. ("TEKsystems") brings this action against OCTekSystems, Inc. ("OCTekSystems") for trademark infringement, false designation of origin, and unfair competition arising under the Federal Trademark Act of 1946, as amended, 15. U.S.C. §1051, et seq., and the common law of California. This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332(a) and (c), 1338 and 1367, because this case arises under the Federal Trademark Act, as amended, 15 U.S.C. §§ 1061, *et seq.*

## JURISDICTION AND VENUE

1.   Subject matter jurisdiction in this Court is proper as noted above. Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(d) because Defendant is a California resident that regularly conducts business in this district.

## PARTIES

2.   Plaintiff TEKsystems, Inc. is a Maryland corporation with its principal place of business at 7437 Race Road, Hanover, Maryland 21076.

3.   Upon information and belief, Defendant OCTekSystems is a California corporation with its principal place of business at 15642 Sand Canyon Ave #53231, Irvine, California 92619, in the County of Orange.

## FACTS

4.   Plaintiff TEKsystems is in the business of providing computer systems and enterprise management, computer data analytics, cloud enablement, managed services, and counseling, recruiting, and temporary and permanent staffing services in the field of information technology and communications. TEKsystems is well known and recognized as a pre-eminent service company in the technology execution, information management, and communications fields.

5.   TEKsystems operates over 100 offices throughout the United States and 40 offices in Canada, Europe and Asia. Among other locations throughout

California, TEKsystems conducts business at offices located in Newport Beach and El Segundo. TEKsystems maintains an interactive web site through which it provides services at www.teksystems.com.

6. TEKsystems owns the federal service mark registration for TEKSYSTEMS, U.S. Reg. No. 2287071, for computer services, namely, systems management and consultation services in the information systems industry and temporary and permanent staffing services in the field of information technology and communications. The registration is based on continuous use of the mark in interstate commerce since September 1997.

7. TEKsystems owns the federal service mark registration for TEKSYSTEMS (DESIGN), U.S. Reg. No. 4273436, for computer project management services, computer technology support services, consulting services in the field of computer-based information systems for businesses, installation of computer software, integration of computer systems and networks, and updating of computer software for others. The registration is based on continuous use of the mark in interstate commerce since October 2012.

8. TEKsystems owns numerous other registrations that contain the term TEKSYSTEMS for use in connection with its business, including TEKSYSTEMS, U.S. Reg. No. 3291060, TEKSYSTEMS GLOBAL SERVICES, U.S. Reg. No. 4090165, and TEK SYSTEMS GOVERNMENT SERVICES, U.S. Reg. No. 2896875.

9. TEKsystems has expended substantial sums in promoting its TEKSYSTEMS marks (collectively "Marks") in connection with its services, including but not limited to significant expenditures devoted to research, advertising, marketing, sponsoring community-related events, and maintaining an Internet web site.

10. As a result of the extensive and substantial promotion, advertising, and sales of its services under its Marks, and the maintenance of the highest quality

1  standards relating thereto, the Marks have become exceedingly well known to the
2  public as a distinctive indication of origin of these services.

3        11.    According to its web site, Defendant OCTekSystems provides
4  information technology consulting and solutions, software development, managed
5  services, hardware and software installation, and cloud services ("Services") under
6  the name "OCTekSystems."  Printouts from Defendant's web site are attached
7  hereto and made a part hereof as Exhibit A.

8        12.    Defendant OCTekSystems' Services are identical to the services
9  provided by TEKsystems.

10        13.    Plaintiff is informed and believes that Defendant has intentionally and
11  deliberately used and continues to use a service mark that incorporates the entirety
12  of TEKsystems' Marks for the purpose of exploiting and trading upon the substantial
13  goodwill and reputation of TEKsystems symbolized by the Marks and to enable
14  Defendant to confuse and mislead its customers into believing that its services
15  emanate from, or otherwise are sponsored by or affiliated with, TEKsystems.

16        14.    Plaintiff is informed and believes that Defendant has added the prefix
17  "OC," a merely descriptive geographic indicator for Orange County, to
18  TEKSYSTEMS in order to capitalize on the goodwill engendered by TEKsystems'
19  services, thereby further misleading consumers into believing that OCTekSystems is
20  affiliated with TEKsystems.  OCTekSystems is located in very close proximity to
21  several TEKsystems offices. The addition of "OC" does not distinguish Defendant's
22  name from TEKSYSTEMS.  Rather, it appears to be a location or affiliate of
23  TEKsystems located in Orange County.

24        15.    OCTekSystems maintains an Internet web site at
25  www.octeksystems.com.  The site advertises Defendant's services and provides
26  direct contact to Defendant.  Significantly, a Google search for OCTEKSYSTEMS
27  results in the inquiry "Did you mean: *teksystems?*" The Google search result is
28  attached hereto and made a part hereof as Exhibit B.

16. TEKsystems has sent several letters to OCTekSystems concerning its use of TEKsystems trademark but has received no response. Copies of the letters are attached hereto and made a part hereof as Exhibit C.

## FIRST CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT)

17. TEKsystems realleges and incorporates by reference the allegations in paragraphs 1 through 16 herein as if full set forth herein.

18. Defendant OCTekSystems' use of a TEKSYSTEMS-formative in connection with providing its Services has caused and is likely to continue to cause confusion among consumers who believe, contrary to fact, that its services are provided by or emanate from, or are otherwise sponsored by or affiliated with, Plaintiff TEKsystems.

19. Defendant OCTekSystems' incorporation of Plaintiff's TEKSYSTEMS mark infringes on Plaintiff TEKsystems' exclusive rights in its Marks within the meaning of § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

20. On January 9, 2020, TEKsystems sent a letter via Federal Express overnight mail to Mr. Jesus Lucio at OCTekSystems requesting that he immediately cease and desist from use of TEKSYSTEMS in connection with providing his services. The letter was delivered at 2:49 p.m. on January 10, 2020 and signed by K. Wright. Defendant has not responded.

21. On January 10, 2020, TEKsystems sent a copy of the January 9, 2020, letter to Mr. Lucio via email to info@octeksystems.com. Defendant has not responded to the email.

22. On February 14, 2020, TEKsystems sent a second cease and desist letter to OCTekSystems, Inc., as well as to its registered agent via Federal Express overnight mail. Delivery of both letters was confirmed. To date, Defendant has not responded and continues to use OCTekSystems in connection with providing its

1  Services.

2  23. Unless enjoined by this Court, OCTekSystems will continue to infringe
3  Plaintiff's Marks, thereby deceiving the public and causing Plaintiff immediate and
4  irreparable injury for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (UNFAIR COMPETITION)

7  24. TEKsystems alleges and incorporates by reference the allegations set
8  forth in paragraphs 1 through 23 herein as if fully set forth herein.

9  25. Defendant OCTekSystems' use of a TEKSYSTEMS-formative mark in
10 connection with providing its Services constitutes unfair competition under § 43(a)
11 of the Federal Trademark Act, 15 U.S.C. § 1125(a).

12 26. Unless enjoined by this Court, OCTekSystems will continue to
13 compete unfairly with Plaintiff, thereby deceiving the public and causing Plaintiff
14 immediate and irreparable injury for which it has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN)

17 27. TEKsystems alleges and incorporates by reference the allegations set
18 forth in paragraphs 1 through 26 herein as if fully set forth herein.

19 28. The nature and probable tendency and effect of the use of
20 TEKSYSTEMS in the manner hereinabove alleged is to enable Defendant
21 OCTekSystems to confuse or deceive the public by passing off its services and the
22 services it advertises as emanating from or otherwise sponsored by or affiliated with
23 TEKsystems.

24 29. Defendant OCTekSystems' use of a TEKSYSTEMS-formative mark
25 with the addition of "OC," a geographically descriptive prefix, in connection with
26 providing its Services constitutes a false designation of origin within the meaning of
27 § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), which is likely to
28 confuse or deceive the public as to the source, sponsorship and/or approval of the

services provided by Defendant, thereby causing TEKsystems immediate and irreparable injury for which it has no adequate remedy at law.

30.  Unless enjoined by this Court, OCTekSystems will continue to falsely designate the origin of its services, thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, TEKsystems respectfully prays that:

(1) The Court enter judgment that:

    (a) Defendant OCTekSystems has infringed TEKsystems' exclusive rights in its TEKSYSTEMS Marks under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law;

    (b) Defendant OCTekSystems has competed unfairly with TEKsystems under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law;

    (c) Defendant OCTekSystems is using the TEKSYSTEMS Marks to falsely designate the origin of its Services under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law;

(2) The Court enter a permanent injunction against OCTekSystems' use of TEKSYSTEMS or any confusingly similar term or terms in connection with providing computer services, or any services related to such services;

1   (3) The Court award damages against OCTekSystems in an amount to be
2 proven at Trial; and
3   (4) For such other and further relief as this Court deems just and proper.
4 Dated: February 20, 2020

By:*/s/ Kathleen O. Peterson*
  KATHLEEN O. PETERSON
  of CATES PETERSON LLP
  Attorneys for Plaintiff
  TEKSYSTEMS, INC.